[Civ. No. 2151. Second Appellate District.—March 30, 1918.]

## JENNIE , MORTON, Appellant, v. AVIS E. ANGST, as Executrix, etc., Respondent.

WILL—WRITTEN AGREEMENT—STATUTE OF FRAUDS.—An agreement to make any provision for any person by will is invalid, unless the same or some note or memorandum thereof is in writing subscribed by the party to be charged or by his agent.

ID.—ACTION FOR SERVICES—NONRELIANCE UPON PROMISE—FINDING SUPPORTED BY EVIDENCE.—In this action to recover upon a rejected claim against the estate of a deceased person for services alleged to have been rendered to the deceased by plaintiff, it is held the finding that the plaintiff did not render any services in reliance upon any promise of deceased to make plaintiff a beneficiary under her will, and that no contract was ever made to compensate plaintiff for any services rendered, is sustained by the evidence.

APPEAL from a judgment of the Superior Court of Los Angeles County. Paul J. McCormick, Judge.

The facts are stated in the opinion of the court.

Arthur H. Barendt, and Arthur Wright, for Appellant.

Stewart, Weil & Turner, Frank Stewart, and J. W. Howell, for Respondent.

CONREY, P. J.—This is an action to recover upon a rejected claim against the estate of a deceased person. As stated by counsel for appellant, the cause of action is upon a *quantum meruit* for services alleged to have been rendered to the decedent by the plaintiff, both claim and complaint containing the incidental allegation that the decedent had

promised to provide for plaintiff by will, but had not done so in the will admitted to probate.

An agreement to make any provision for any person by will is invalid, unless the same or some note or memorandum thereof is in writing subscribed by the party to be charged or by his agent. (Civ. Code, sec. 1624, subd. 7.) It is in evidence that in April, 1913, the decedent made a will which by its terms gave to the plaintiff the sum of $150 and also made the plaintiff one of four residuary legatees, but this will was revoked by the later will which has been admitted to probate and in which no provision is made for the plaintiff. The court found the facts to be that the plaintiff did not render any services to the decedent' in reliance upon or because of any promise of decedent to make plaintiff a beneficiary under her will, and that no contract was ever made by the decedent or on her behalf, either in writing or otherwise, wherein the decedent promised to compensate the plaintiff by bequest or otherwise for any services rendered to the decedent by the plaintiff. This finding is sustained by the evidence. The only testimony to which our attention is directed by counsel and upon which he relies as constituting proof that plaintiff rendered services because of or in reliance upon the existence of a will in her favor is so vague, indirect, and unsatisfactory that the court could not very reasonably have made any other finding than that which it did make.

Concerning the services alleged to have been rendered to the decedent for which the plaintiff seeks to be compensated, the court found that the plaintiff occasionally did perform some acts of service for the decedent, but that the same were done and performed voluntarily by the plaintiff without the expectation of making any charge therefor; that said services were rendered solely on account of friendship which had existed for a long time between the plaintiff and the decedent, and that the decedent treated such services as and believed them to be only acts of friendship; that decedent had no knowledge that plaintiff intended to make any charge for such services and did not intend or expect to compensate the plaintiff therefor, otherwise than by reciprocal acts of friendship; that the value of the services rendered by plaintiff is not the sum of one thousand dollars nor any other sum. These findings also are amply supported by the evidence. It does appear that the plaintiff and the decedent

for many years were intimate friends; that from time to time each of them visited the other; that the plaintiff did perform on behalf of the decedent certain acts of service in relation to shopping, hat-making, letter-writing, etc. They were such acts as one woman might do for another as acts of friendship, although some of them were also such acts as might have been done by a secretary or companion or milliner. But the court had before it all the evidence of these circumstances, related in detail by various witnesses, and made its findings as above stated. The utmost that can be said in favor of the appellant on this question is that there was a conflict in the evidence. That being so, it is a familiar rule that the findings must be affirmed. It appears to us that the claim of the plaintiff is without merit.

The judgment is affirmed.

Works, J., *pro tem.*, and James, J., concurred.